## PROCEDURE UNDER THE JONES LOCAL OPTION LAW.

### Circuit Court of Hamilton County.

Ex parte Petition to Prohibit the Sale of Intoxicating Liquors as a Beverage in the Residence District of Hyde Park.

Decided, March 22, 1909.

*Liquor Laws—Jurisdiction of the Circuit Court—Discretion in Setting a Case for Trial—Time for Filing Findings of the Judge and for a New Trial.*

1. The circuit court has jurisdiction to reverse the judgment in a Jones law local option case and remand the case for a new trial, notwithstanding no express provision therefor is contained in the act.
2. The setting of cases for hearing and the granting of continuances are largely matters of judicial discretion, and error will not lie to the action of a court with reference to these matters unless an abuse of discretion is shown.
3. A reasonable time should be allowed for a new trial after the filing with the clerk of the municipality of the findings of the judge on the original hearing.

*Herron, Gatch & James,* for the petitioner.
*Jerome D. Creed,* for the contestants.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The act "to further provide against the evils resulting from the traffic in intoxicating liquors by providing for local option in residence districts of municipal corporations" (98 O. L., 68) having been held constitutional, this court is authorized, when a petition in error is filed in accordance therewith, to reverse the judgment and remand the case for a new trial, although no express provision therefor is contained in the act. *Lessee of Cochran's Heirs* v. *Loring*, 17 Ohio, 409; *Missionary Society* v. *Ely et al*, 56 O. S., 405.

The provision of the act conferring final jurisdiction upon this court means simply, as shown by the latter part of the sentence, that "there shall be no appeal or error proceeding allowed from such a decision."

The setting of a case for hearing, especially when involving questions of public interest, and the action of a court in refusing a continuance are largely matters of judicial discretion to which error will not lie unless such discretion be abused; and we find no such abuse as was prejudicial to the rights of plaintiff in error.

While the act requires the findings of the judge upon the original hearing to be filed with the clerk of the municipality or council not more than forty days from the filing of the petition, there is no provision fixing a time within which the new trial shall be had and the findings filed with the clerk—hence a reasonable time, under all the circumstances, will govern.

The questions put to the witness, Kramer, at page 105 of the bill of exceptions, involved what he himself recognized as conclusions of law and drew out no facts from which to determine whether the district described in the petition was residential; but his testimony at page 102 shows it to be such.

Finding no prejudicial error in the record the judgment will be affirmed.